QUINN & BOWSER v. I. N. ELAM.

(No. 1889, Op. Book No. 2, p. 369.)

APPEAL from Dallas County. Opinion by QUINAN, J.

§ 1108. *Certiorari; right to, not affected by failure to appeal.* Appellee recovered judgment in justice's court against appellants. They appealed to the county court, and their appeal was dismissed for want of a sufficient appeal bond. They then obtained this *certiorari,* which upon motion of appellee was dismissed, upon the ground that the plaintiff had failed to file a proper appeal bond, and that because of his negligence his appeal had been dismissed. *Held,* the court erred in dismissing the *certiorari.* The dismissal of the appeal left the case as if an appeal had never been taken. The right to the writ of *certiorari* is not in any degree dependent upon whether an appeal has been taken or not. The plaintiff was entitled to it, though he had never appealed, and he need not show why he did not appeal. It is only necessary

that he shall set out sufficient cause, stating the facts. He must show either that the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect. [R. S. 303.] The meaning of this is, that the determination of the case against him in the justice's court must not have been occasioned by his fault or neglect to make full defense. He may or may not, at his election, appeal from the judgment, but his failure to do so, or failure to perfect his appeal, does not preclude him from suing out a *certiorari*. If he chooses to appeal, he may, by filing a proper bond, have a trial *de novo* of his case, as of course. If he neglects to perfect his appeal, he cannot have a trial *de novo* by *certiorari* unless he discloses merits in his case.

June 22, 1881.                    Reversed and remanded.